IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CLAYTON MILLER**, | : |
| Petitioner | : |
| VS. | : |
| | : **CIVIL ACTION NO.: 5:09-CV-267 (HL)** |
| **DENNIS BROWN,** | : |
| Respondent | : |

## ORDER

Petitioner **CLAYTON MILLER**, an inmate at Scott State Prison in Hardwick, Georgia has filed a "Notice of Removal." It appears that Petitioner filed a state habeas corpus action in the Baldwin County Superior Court on June 23, 2008 and that an evidentiary hearing was held on October 8, 2008. However, petitioner now seeks to remove this habeas action to the United States District Court pursuant to 28 U.S.C. § 1446.

Petitioner may not remove his state habeas action to this Court. First, only a defendant, not a plaintiff or petitioner, can remove an action from state court to federal court pursuant to 28 U.S.C. § 1446.

Second, even if the Court liberally construed petitioner's "Notice of Removal" as a federal habeas corpus action brought pursuant to 28 U.S.C. § 2254, he would not be allowed to proceed at this time. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (citing ***Ex Parte Royall***, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording***

***v. Swenson***, 404 U.S. 249, 250 (1971) (quoting ***Fay v. Noia***, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

Petitioner apparently still has a habeas action pending in the Baldwin County Superior Court. Because petitioner has not exhausted his state remedies, he cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court.

Accordingly, Petitioner's Notice of Removal is **DISMISSED**.[1]

**SO ORDERED**, this 30th day of July, 2009.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT COURT

lnb

---

[1] Petitioner may file a federal habeas corpus action once he has afforded the state courts an opportunity to review his grounds for relief. Therefore, the Clerk of Court is **DIRECTED** to forward the appropriate 28 U.S.C. 2254 form and financial affidavit to petitioner so that he may file them at the appropriate time.